ON MOTION FOR CLARIFICATION
PER CURIAM.
This cause came before this court on Wal-Mart Stores, Inc.’s (“Wal-Mart”) motion for clarification of our order dated December 20, 2002. Mazourek, the property appraiser, previously appealed a portion of this court’s prior decision[1] to the Florida.Supreme Court. Specifically, the review by the supreme court was limited to only two of the three issues on appeal. The first issue concerned the property appraiser’s inclusion of sales taxes in an appraisal conducted pursuant to the cost approach. Our holding was that sales taxes paid are external costs and add nothing to the value. The second issue concerned whether the appraiser properly considered all the factors required in section 193.011, Florida Statutes.
The supreme court reversed our holding on those two issues, and pursuant to its instructions, this court, by order dated December 20, 2002, withdrew its prior mandate and affirmed the final judgment of the circuit court for Hernando County.[2] Wal-Mart now asks this court to clarify its order with respect to the third issue of our previous decision which was not challenged in the supreme court.
The third issue involved a counterclaim. In its final judgment, the circuit court entered judgment in favor of the property appraiser on a counterclaim filed by the property appraiser against Wal-Mart. The circuit court permitted the property appraiser to assess, through the counterclaim, unidentified tangible personal property which Wal-Mart had allegedly failed to report. In our decision, however, this court concluded that the property appraiser’s attempt to assess the property through a counterclaim, rather than through the statutory procedures provided for that purpose, was improper. As a result, we reversed the circuit court’s judgment in favor of the property appraiser on the counterclaim issue.
In the appeal of this court’s decision, the property appraiser did not challenge this court’s ruling on the counterclaim issue. In fact, in footnote 4 of its Second Revised Opinion, the supreme court noted that neither party raised the counterclaim issue. As a result, the supreme court did not address this court’s decision on the counterclaim issue. Thus, this court’s decision which reversed the circuit court on the counterclaim issue remains in full force and effect. We clarify the December 20, 2002 order by recognizing that the portion of our original decision reversing the circuit court’s judgment on the counterclaim issue remains valid.
The case is remanded to the trial court for further proceedings consistent here *1079 with. MOTION GRANTED; REMANDED.
PETERSON, SAWAYA and PLETJS, ■ JJ., concur.

. Wal-Mart Stores, Inc. v. Mazourek, 778 So.2d 346 (Fla. 5th DCA 2000).

. Mazourek v. Wal-Mart Stores, Inc., 831 So.2d 85 (Fla.2002).